UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BAILEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-05325-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

    1. In this case, 42 plaintiffs bring claims arising from purchases of timeshares across the country. Wyndham Vacation Ownership, Wyndham Destination Network, and RCI have moved to dismiss most of the claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiffs ground the defendants' amenability to suit in California on both general and specific personal jurisdiction. This Court has personal jurisdiction over the defendants to the extent that a California state court would. Fed. R. Civ. P. 4(k)(1)(A).

    General jurisdiction permits a court to hear any and all claims against a defendant, regardless of the connection of the claims to the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A corporation is typically subject to general jurisdiction only in its state of incorporation and the state of its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

    Each of the defendants is amenable to general jurisdiction only in Delaware and Florida. Wyndham Vacation Ownership, Wyndham Destination Network, and RCI are formed under Delaware law and have their principal places of business in Florida. Davis Decl. ¶¶ 4–6, Dkt. No. 8-1. In an "exceptional case," an entity's operations could be "so continuous and systematic as to

render it essentially at home in the forum State." *Daimler*, 571 U.S. at 138–39 & n.19 (internal quotation marks and brackets omitted). But the plaintiffs have not demonstrated that any of the defendants are functionally at home in California. Nor does Wyndham's appointment of an in-state agent for service of process constitute consent to general jurisdiction in California courts. *Bristol-Myers Squibb Co. v. Superior Court*, 1 Cal. 5th 783, 798 (2016), *rev'd on other grounds*, 137 S. Ct. 1773 (2017); *see King v. American Family Mutual Insurance Co.*, 632 F.3d 570, 576 (9th Cir. 2011) (holding that state law, within constitutional limits, "determine[s] whether a foreign corporation is subject to personal jurisdiction in a given case because the corporation has appointed an agent for service of process").

Specific jurisdiction extends to controversies that "arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (internal quotation marks and brackets omitted). As the Supreme Court has explained, this type of personal jurisdiction doesn't exist absent a connection between the forum state and the defendant's conduct that gave rise to the plaintiffs' claims, "regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781.

Most of the claims do not satisfy the test for specific jurisdiction. The wrongful conduct alleged in this case is the defendants' use of coercive negotiating tactics to secure unconscionable terms for timeshares. Under the holding of *Bristol-Myers Squibb*, the requisite connection to California is not present for plaintiffs who entered into contracts outside of California to purchase a timeshare at a non-California property. *See also CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (explaining that "the claim must be one which arises out of or relates to the defendant's forum-related activities"). That rule applies even to California residents who entered into contracts out of state; granting that the California residents may have incurred financial costs in California, the defendants' "relevant conduct occurred entirely in" other states. *Walden v. Fiore*, 571 U.S. 277, 289–91 (2014). According to the complaint, California was the forum for only five contracts. Complaint ¶ 2. Thus, absent additional facts, this Court has the power to adjudicate only the claims related to those five

contracts.[1]

The plaintiffs' primary response is that the plaintiffs with out-of-state claims are (in their words) "national indispensable parties" whose shared experience will corroborate the testimony of plaintiffs with in-state claims. This argument appears to conflate personal jurisdiction with joinder. *See* Fed. R. Civ. P. 19(a). But the fact that a party might be indispensable for purposes of joinder does not enlarge the court's power to adjudicate claims outside its jurisdiction. *See Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005). In any event, the plaintiffs with out-of-state claims are plainly not indispensable parties, for the remaining plaintiffs can be granted complete relief in their absence without prejudicing any party. *See* Fed. R. Civ. P. 19(b).

The motion to dismiss for lack of personal jurisdiction is granted. The plaintiffs are given leave to amend the complaint, assuming they can do so consistent with Federal Rule of Civil Procedure 11, to reassert those claims that satisfy these principles of personal jurisdiction.

2. The defendants have also moved to dismiss the complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). They contend that the complaint does not allege that any of the plaintiffs have placed more than $75,000 in controversy. 28 U.S.C. § 1332(a). Each plaintiff must establish that his or her own claims meet the jurisdictional threshold unless those claims fall within the grant of supplemental jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 554–55, 559 (2005); *see* 28 U.S.C. § 1367(a). If the plaintiffs file an amended complaint, they must state, in clearer terms, the amount in controversy for each plaintiff and explain whether they are relying on supplemental jurisdiction for any of the claims.[2]

---

[1] Although the plaintiffs' complaint and opposition are difficult to decipher, it appears that Wyndham permits timeshare owners to use points to book accommodations in its nationwide (or perhaps worldwide) network. That network includes California properties. Yet the plaintiffs' ability to book lodgings in all states does not mean that their claims arise from or relate to every state. In this case, the defendants have "jurisdictionally relevant contacts" to the place where the allegedly coercive and fraudulent negotiations took place and to the place where the timeshare is located—but not to places the plaintiffs might opt to visit afterwards. *Walden*, 571 U.S. at 289.
[2] For instance, the complaint alleges claims arising under federal securities laws, but the plaintiffs have not invoked federal-question jurisdiction and, for the state-law claims, supplemental jurisdiction.

3. Finally, the defendants contend that the plaintiffs have failed to plead any claim on which relief could be granted. Fed. R. Civ. P. 12(b)(6). Most of the plaintiffs' claims are subject to the heightened pleading standard for claims that sound in fraud. Fed. R. Civ. P. 9(b). The claims of negligent misrepresentation are governed by the typical pleading standard. Fed. R. Civ. P. 8(a). Whether judged under the greater or lesser standard, the complaint falls far short. Much of the complaint is incomprehensible, and the plaintiffs did not plead facts sufficient to place the defendants on notice of what wrongdoing is alleged (and by which entity). Nor does the complaint state "the who, what, when, where, and how of the misconduct charged" by the fraud-based claims. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).[3]

\* \* \*

For the reasons set forth above, the complaint is dismissed in its entirety, with leave to amend. Any amended complaint must be filed within 21 days of this order. Should these plaintiffs decide to file an amended complaint, they should take note of two additional points. First, Wyndham Destination Network cannot be named a defendant out of mere prudence; the plaintiffs must allege some ground for relief against each of the defendants. Second, the timeshare is not a security if, as the complaint alleges, the plaintiffs were "motivated by a desire to use or consume the item purchased." *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 852–53 (1975). The plaintiffs must instead plausibly plead that "money [was] invested in a common enterprise with profits anticipated by virtue of others' work." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1130 (9th Cir. 2013). If the plaintiffs have a good-faith basis for reasserting their securities-law claims, they should seek to remedy this apparent deficiency.

**IT IS SO ORDERED.**

Dated: December 16, 2019

VINCE CHHABRIA
United States District Judge

---

[3] The plaintiffs' late-filed fact supplement is not incorporated into the complaint for purposes of this motion, but it is relevant to show what facts could support an amended complaint.