UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE DEGEUS, et al.,<br><br>        Plaintiffs,<br><br>       v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-05325-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 41 |

      For the reasons discussed at the hearing, the second amended complaint is dismissed. Bare allegations of wrongdoing are scattered throughout the complaint in a seemingly random order, and the plaintiffs have neglected to plead crucial elements of their claims. To provide just one example of many, the plaintiffs did not plead a single criminal act by the defendants, let alone the pattern of racketeering activity required for a RICO claim. 18 U.S.C. § 1961(1), (5); *United Brotherhood of Carpenters v. Building & Construction Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). Nor did the plaintiffs particularly plead "the who, what, when, where, and how of the misconduct charged" by the fraud-based claims. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010); *see* Fed. R. Civ. P. 9(b).

      The plaintiffs have been warned repeatedly about these defects in prior iterations of the complaint. *See* Dkt. No. 35, 39. Dismissal is with prejudice as to all claims except those based on the California Timeshare Act and negligent misrepresentation. With respect to those claims, the plaintiffs will receive one final opportunity, if they wish, to attempt to state a claim. It apparently needs to be repeated that the plaintiffs, who are represented by counsel, have an obligation to file

a complaint that is decipherable. If the third amended complaint is even nearly as indecipherable as the prior versions, it will be dismissed with prejudice. (Needless to say, it will also be dismissed with prejudice if it is decipherable but fails to state a claim.) The plaintiffs must also plead facts to support the amount-in-controversy requirement of diversity jurisdiction because the dismissed RICO claim appears to be "wholly insubstantial" and thus arguably unable to anchor the exercise of supplemental jurisdiction over the state-law claims. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

Any third amended complaint is due within 14 days of this order. If no complaint is filed within that time period, dismissal of the Timeshare Act and negligent misrepresentation claims will also be with prejudice. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: June 12, 2020

_____
VINCE CHHABRIA
United States District Judge